**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ROBERT CHAMBERS, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) 2:10-cv-12-WTL-MJD |
| | ) |
| ROSE VAISVILAS, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Complaint
and Directing Further Proceedings**

Plaintiff Robert Chambers, an inmate at the Wabash Valley Correctional Facility (WVCF), alleges that the defendants have been deliberately indifferent to his serious medical needs in violation of the Fifth, Eighth, and Fourteenth Amendments.

**I.**

**A.**

"A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)). The complaint is subject to this screening process.

**B.**

The constitutional provision pertinent to Chambers' claim is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). Specifically, the Eighth Amendment imposes a duty on prison officials to provide medical care to inmates. *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997).

The due process claims asserted pursuant to the Fifth and Fourteenth Amendments are dismissed. Chamber's claims are sufficiently based on the protections afforded by the Eighth Amendment to the Constitution. There is no occasion to invoke the important but limited protections of due process and equal protection. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim.") (plurality opinion of Rehnquist, C.J.) (internal quotations omitted).

### III.

The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the defendants in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process in this case shall consist of the complaint, applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: 12/23/2010

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT CHAMBERS
994105
Wabash Valley Correctional Facility
P O Box 1111
Carlisle, IN 47838

Rose Vaisvilas
Nursing and Contract Compliance Director
Indiana Department of Correction
E-334 Government Center - South
302 W. Washington St.
Indianapolis, IN 46204

Dr. Alfred Talens
Wabash Valley Correctional Facility
P O Box 500
Carlisle, IN 47838

Dr. Michael Mitcheff
Correctional Medical Services
3737 N. Meridian St., Suite 500
Indianapolis, IN 46208